Alan J. Leiman (OSB No. 980746)
alan@leimanlaw.com
Drew G. Johnson (OSB No. 114289)
drew@leimanlaw.com
LEIMAN & JOHNSON, LLC
44 W. Broadway, Suite 326
Eugene, OR  97401

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF OREGON
## EUGENE DIVISION

| | |
|---|---|
| **BRYAN STELLWAGEN**, and **ANDREW HASTINGS**, | **CASE NO.**: 6:19-cv-00711 |
| Plaintiffs, | |
| v. | **FLSA MINIMUM WAGE AND OVERTIME COMPLAINT; OREGON WAGE AND HOUR LAWS**; |
| **WILLAMETTE COMMUNITY HEALTH SOLUTIONS**, an Oregon public benefit corporation, | Fair Labor Standards Act 29 U.S.C. § 201 *et. seq.*; Oregon Wage and Hour Laws (ORS 652) |
| Defendant. | |

### DEMAND FOR JURY TRIAL

Plaintiffs, Bryan Stellwagen ("Stellwagen") and Andrew Hastings ("Hastings") (collectively, "Plaintiffs"), bring this Fair Labor Standards Act ("FLSA") action for violations of the FLSA and Oregon's Wage and Hour laws against Defendant, Willamette Community Health Solutions, an enterprise engaged in commerce or the production or goods for commerce pursuant to 29 U.S.C §203 of the FLSA.   Plaintiffs make their allegations based upon personal knowledge, information, and belief.

### INTRODUCTION

1.      At all times material to this Complaint, Defendant Willamette Community Health Solutions has operated a mobile medical response service staffed by licensed Emergency

1 – Complaint

Medical Technicians classified as "Mobile Health Medics", or "Medics". The mobile medical response services provided by Defendant and its Medics include, but are not limited to the following activities: workplace injury response and treatment; on-site alcohol and drug testing; on-site phlebotomy, including the collection and preservation of blood evidence at the direction of law enforcement.

2.      Plaintiff Stellwagen worked for Defendant as a Mobile Health Medic from on or around May 2017 until on or around January 19, 2019.

3.      Plaintiff Hastings has worked for Defendant as a Mobile Health Medic since from on or around December 2012. Since on or around 2017, Plaintiff Hastings also worked in support of Defendant's Lifeline emergency medical response program in addition to working as a Medic.

4.       At all times material to this Complaint, Plaintiffs were nonexempt employee protected by the minimum wage and overtime provision of the FLSA, and Oregon Wage and Hour Laws.

5.      At all times material to this Complaint, instead of paying Plaintiffs for all hours worked as a Mobile Health Medic based on each Plaintiff's regular rate of pay, Defendant instead substituted and paid an "on-call" rate for some of the hours worked by Plaintiffs, and for which Defendant was obligated to properly compensate Plaintiffs at their correct regular rate of pay with overtime premium if earned.

6.      Because the "on-call" rate paid to Plaintiffs was less than the applicable minimum wage, and because the hours worked by Plaintiffs and treated by Defendant as "on-call" hours were not counted as hours worked for purposes of computing total hours worked in a workweek, Plaintiffs were not properly compensated for the work they performed for Defendant. The "on-call" pay rate and hours worked computation used by Defendant resulted in workweeks in which Plaintiffs did not receive the correct amount of regular wages, overtime wages, or both.

2 – Complaint

7.    Because the "on-call" hours were not counted as hours worked for purposes of computing Plaintiffs' paid time off benefit, the "on-call" pay computation used by Defendant resulted in Plainitffs receiving less paid time off than they had earned and were entitled to.

8.    Plaintiffs brings this action to recover their unpaid regular wages, overtime compensation, liquidated damages, and penalties owed to them under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*. and Oregon Wage and Hour Laws, ORS Chapter 652 ("Oregon Wage and Hour Laws").

9.    With this action, Plaintiffs seek compensatory and liquidated damages, penalties, attorney's fees, taxable costs of court, pre- and post-judgment interest and penalty wages, and other relief, pursuant to 29 U.S.C. § 216(b) and Oregon Wage and Hour Laws for Defendant's willful failure to pay wages including minimum wages and overtime wages due to Plaintiffs.

10.    Plaintiffs demand a jury trial on all issues that may be tried to a jury.

## JURISDICTION AND VENUE

11.    Jurisdiction is conferred on this Court by 29 U.S.C. § 216(b), as this action arises under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*.; 28 U.S.C. § 1331; and 28 U.S.C. §1337, as it arises under acts of Congress regulating commerce.   Jurisdiction of the state law claims is conferred on this Court by 28 U.S.C. § 1367 because the state law claims form a part of the same case or controversy as the federal claims under Article III of the United States Constitution.

12.    Venue is proper in this District Court pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to this complaint occurred in the District of Oregon.

## PARTIES

13.    Defendant Willamette Community Health Solutions is an Oregon public benefit company.

14.     Defendant is subject to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* and Oregon Wage and Hour Laws, ORS Chapters 652 and 653.

15.     At all material times, Defendant operated an enterprise in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203. Alternatively, the Plaintiffs worked in interstate commerce so as to fall within the protections of the FLSA.

16.     At all material times, Defendant has been an employer within the meaning of 3(d) of the FLSA, 29 U.S.C. § 203(d). Defendant directly or indirectly acted in the interest of an employer toward the Plaintiffs at all material times, including, without limitation, directly or indirectly controlling all employment terms and working conditions of Plaintiffs.

17.     Plaintiff Bryan Stellwagen is a resident of Lane County, Oregon.

18.     Plaintiff Andrew Hastings is a resident of Lane County, Oregon.

### FACTS

19.     Plaintiff Stellwagen primarily worked nights and weekends as a Mobile Health Medic during the approximately 19 months he worked for Defendant and was subject to Defendant's "on-call" practices.

20.     Plaintiff Hastings has worked a varied schedule as a Mobile Health Medic during the approximately six years and five months he has worked for Defendant. During the course of his employment, Hastings has consistently worked some nights and weekends and has been subject to Defendant's "on-call" pay practices.

21.     The records of all hours worked by Plaintiffs are in the possession and control of Defendant.

22.     At all times material to this Complaint, working at "night" meant that Plaintiffs would drive their personal vehicles to Defendant's premises and pick-up Defendant's mobile medical van for a scheduled 12-hour shift. Plaintiffs would work their shifts and then return the mobile

medical van to Defendant's premises unless delayed by work related activities.  During the six-years immediately preceding the filing of this Complaint there was some variation in scheduling of the "night" shift, but Defendant's "on-call" pay policy and practice applied throughout the six-year period.

23.    At all times material to this Complaint, working on the "weekend" meant that Plaintiffs would drive their personal vehicle to Defendant's premises and pick up Defendant's mobile medical van for a scheduled twenty-four-hour shift.  Plaintiffs would work their shifts and then return the mobile medical van to Defendant's premises twenty-four hours later, unless delayed by work related activities. During the six-years immediately preceding the filing of this Complaint there was some variation in scheduling of the "weekend" shift, but Defendant's "on-call" pay policy and practice applied throughout the six-year period.

24.    During night and weekend shifts when Plaintiffs were working as Mobile Health Medics for Defendant, Plaintiffs worked alone and devoted their time for the exclusive benefit of Defendant.

25.    Plaintiffs were highly restricted in their activities while working night and weekend shifts as Mobile Health Medics for Defendant.

26.    Plaintiffs never knew when the next call for service would be dispatched, and Plaintiffs had no discretion and were required to immediately respond by telephone to every call for service.

27.    Plaintiffs were responsible for an immediate on-site response of the mobile medical van when a call for service required such response.

28.    Plaintiffs were often called upon to respond to non-life threatening injuries where time was of the essence for medical reasons.

29.     Plaintiffs were often called upon to respond to law enforcement requests for blood draws where time was of the essence due to spoilation of evidence concerns.

30.     At all times material to this Complaint, Defendant's policy has been to pay Mobile Health Medics who work weekday day shifts for all hours worked at their agreed regular rate of pay. At all times material to this Complaint, day shift Medics were not subject to "on call" pay for the time period between dispatched calls for service.

31.     At all times material to this Complaint, Defendant substituted and paid an "on-call" rate of on or around $4.00 per hour to Plaintiffs for the time periods that Plaintiffs were working between dispatched calls for service on nights and weekends.

32.     At times material to this Complaint, Defendant used a phone app to track when Plaintiffs were on a call for service and when Plaintiffs purportedly were "on-call" during nights and weekends. These electronic records of hours worked are in the possession of Defendant.

33.     At times material to this Complaint, Defendant used paper records to track when Plaintiffs were on a call for service and when Plaintiffs purportedly were "on-call" during nights and weekends. These paper records of hours worked are in the possession of Defendant.

34.     At all times material to this Complaint, Defendant did not include the hours it classified as "on-call" hours when computing the total hours worked by Plaintiffs in a seven-day workweek.

35.     At all times material to Plaintiff Stellwagen's employment, Defendant failed to compensate Plaintiff Stellwagen for all hours worked at his regular rate of pay, and failed to pay overtime compensation even though Plaintiff routinely earned overtime by working in excess of 40 hours in a workweek.

36.     At times material to Plaintiff Hasting's employment, Defendant failed to compensate Plaintiff Hastings for all hours worked at his regular rate of pay, and failed to pay overtime

compensation in weeks in which Hastings worked nights and/or weekends and was subject to Defendant's "on-call" pay policy and practice.

37.    At all times material to this Complaint, Defendant willfully failed to compute Plaintiffs' correct regular rate of pay for purposes of determining the amount of overtime compensation due to Plaintiffs, and willfully failed to include "on-call" hours in the computation of hours worked in a seven-day workweek.

### FIRST CLAIM FOR RELIEF
### PLAINTIFF STELLWAGEN
### (FLSA Minimum Wage and Overtime Violations - 29 U.S.C § 207)

38.    Plaintiff Stellwagen re-alleges and incorporates herein by reference, all allegations contained in paragraphs 1 through 37 above.

39.    At all times material to this Complaint, Plaintiff Stellwagen performed duties for the benefit of, and on behalf of the Defendant, under employment terms and conditions set by Defendant.

40.    At all times material to this Complaint, Defendant was required to pay Plaintiff Stellwagen in accordance with the overtime provisions of the FLSA.

41.    At all times material to this Complaint, Defendant was required to pay Plaintiff an amount not less than his regular rate of pay for all hours worked.

42.    At all times material to this Complaint, Defendant failed to pay Plaintiff Stellwagen an amount not less than his regular rate of pay for all hours worked.

43.    At all times material to this Complaint, Defendant did not compute a regular rate of pay for Plaintiff Stellwagen by adding together his earnings for a workweek and dividing that sum by the total hours worked as required by 29 C.F.R. §778.111.

44.    At all times material to this Complaint, Defendant has not paid Plaintiff Stellwagen the correct amount of overtime pay at a rate equal to one and one-half times his regular rate of pay for workweeks in which he worked in excess of 40 hours in violation of 29 U.S.C. § 207.

45.    At all times material hereto, Defendant failed to comply with Title 29 U.S.C. §§ 201-209 in that the Plaintiff Stellwagen performed services and labor for Defendant for which Defendant failed to properly track hours worked, failed to compute a regular rate of pay, and failed to pay Plaintiff Stellwagen earned overtime.

46.    Plaintiff Stellwagen is entitled to liquidated damages for Defendant's willful failure to pay the correct amount of regular and overtime compensation earned.

47.    Plaintiff Stellwagen individually seeks regular wages, overtime compensation, liquidated damages, pre-judgment interest, costs, and attorneys' fees arising from the law violations set forth herein.

48.    Defendant's' failure to pay Plaintiff Stellwagen regular and overtime wages earned resulted from the Defendant's willful act of misclassifying "on-call" hour and paying those hours at a rate lower than the Oregon minimum wage.

49.    Because Defendant acted willfully, Plaintiff Stellwagen is entitled to a three-year FLSA statute of limitations.

50.    For an approximately six-month period during his employment, Plaintiff Stellwagen used his personal cell phone and cellular data to conduct Defendant's business.

51.    Plaintiff Stellwagen's use of his personal cell provided a direct economic benefit, or kickback, to Defendant as a condition of his employment because Plaintiff was paying for and using his personal cellular data services for the direct benefit of the Defendant.

52.    Defendant did not account for the business expenses incurred by Plaintiff for Defendant's benefit when computing his rates of pay during the approximate six-month period that Plaintiff

Stellwagen used his personal cell phone to conduct Defendant's business, and as a result the compensation received by Plaintiff's was further reduced.

## SECOND CLAIM FOR RELIEF
## PLAINTIFF HASTINGS
### (FLSA Minimum Wage and Overtime Violations - 29 U.S.C § 207)

53.     Plaintiff Hastings re-alleges and incorporates herein by reference, all allegations contained in paragraphs 1 through 37 above.

54.     At all times material to this Complaint, Plaintiff Hastings performed duties for the benefit of, and on behalf of the Defendant, under employment terms and conditions set by Defendant.

55.     At all times material to this Complaint, Defendant was required to pay Plaintiff Hastings in accordance with the overtime provisions of the FLSA.

56.     At all times material to this Complaint, Defendant was required to pay Plaintiff Hastings an amount not less than his regular rate of pay for all hours worked.

57.     At all times material to this Complaint, Defendant failed to pay Plaintiff Hastings an amount not less than his regular rate of pay for all hours worked.

58.     At all times material to this Complaint, Defendant did not compute a regular rate of pay for Plaintiff Hastings by adding together his earnings for a workweek and dividing that sum by the total hours worked as required by 29 C.F.R. §778.111.

59.     At all times material to this Complaint, Defendant has not paid Plaintiff Hastings the correct amount of overtime pay at a rate equal to one and one-half times his regular rate of pay for workweeks in which he worked in excess of 40 hours in violation of 29 U.S.C. § 207.

60.     At all times material hereto, Defendant failed to comply with Title 29 U.S.C. §§ 201-209 in that the Plaintiff Hastings performed services and labor for Defendant for which Defendant

failed to properly track hours worked, failed to compute a regular rate of pay, and failed to pay Plaintiff Hastings earned overtime.

61.    Plaintiff Hastings is entitled to liquidated damages for Defendant's willful failure to pay the correct amount of regular and overtime compensation earned.

62.    Plaintiff Hastings individually seeks regular wages, overtime compensation, liquidated damages, pre-judgment interest, costs, and attorneys' fees arising from the law violations set forth herein.

63.    Defendant's' failure to pay Plaintiff Hastings regular and overtime wages earned resulted from the Defendant's willful act of misclassifying "on-call" hours and paying those hours at a rate lower than the Oregon minimum wage.

64.    Because Defendant acted willfully, Plaintiff Hastings is entitled to a three-year FLSA statute of limitations.

**THIRD CLAIM FOR RELIEF**
**Plaintiff Stellwagen**
**(Oregon Wage and Hour Law Violations)**

65.    Plaintiff Stellwagen re-alleges and incorporates herein by reference, all allegations contained in paragraphs 1 through 52 above.

66.    Defendant violated ORS 652 when it: 1) failed to pay Plaintiff Stellwagen for all hours worked in amount not less than the applicable Oregon minimum wage; 2) failed to pay Stellwagen overtime compensation earned; 3) failed to credit Plaintiff for all accrued paid-leave; 4) failed to reimburse Plaintiff Stellwagen for business related expenses he paid on behalf of Defendant; 5) failed to pay Stellwagen all wages due and owing when due, and; 6) failed to pay Plaintiff Stellwagen all wages due upon termination of Plaintiff's employment.

67.    Plaintiff has been damaged by Defendant's violations of Oregon Wage and Hour Laws and is entitled to his actual damages and penalty wages pursuant to ORS 652.150, plus pre-judgment interest, in amounts to be determined by the jury.

### FOURTH CLAIM FOR RELIEF
**Plaintiff Hastings**
**(Oregon Wage and Hour Law Violations)**

68.    Plaintiff Hastings re-alleges and incorporates herein by reference, all allegations contained in paragraphs 1 through 37, and 53 through 64 above.

69.    Defendant violated ORS 652 when it: 1) failed to pay Plaintiff Hastings for all hours worked in amount not less than the applicable Oregon minimum wage; 2) failed to pay Hastings overtime compensation earned; 3) failed to credit Plaintiff for all accured paid time off, and; 4) failed to pay Hastings all wages due and owing when due.

70.    Plaintiff Hastings' Oregon claim seeks six years of regular wages due to Hastings for any weeks during the six-year Oregon statutory period during which he worked nights or weekends as a Mobile Health Medic and was subject to Defendant's "on-call" pay policy and practices and was paid less than his regular rate of pay for all hours worked.

71.    Plaintiff Hastings has been damaged by Defendant's violations of Oregon Wage and Hour Laws and is entitled to his actual damages and penalty wages pursuant to ORS 652.150, plus pre-judgment interest, in amounts to be determined by the jury.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully ask the Court to grant the following relief against Defendant:

1. On the First Claim for Relief, award Plaintiff Stellwagen his actual damages for unpaid regular wages and overtime compensation in an amount to be determined at

trial, plus an equal amount as liquidated damages for failure to pay overtime pursuant to the FLSA.

2. On the Second Claim for Relief, award Plaintiff Hastings his actual damages for unpaid regular wages and overtime compensation in an amount to be determined at trial, plus an equal amount as liquidated damages for failure to pay overtime pursuant to the FLSA.

3. On the Third Claim for Relief, award Plaintiff Stellwagen his actual damages for violations of Oregon Wage and Hour Laws, and penalty wages calculated according to ORS 652.150, in amounts to be determined by the jury.

4. On the Fourth Claim for Relief, award Plaintiff Hastings his actual damages for violations of Oregon Wage and Hour Laws, and penalty wages calculated according to ORS 652.150, in amounts to be determined by the jury.

5. Award Plaintiffs their reasonable attorney fees and costs;

6. Award Plaintiffs their pre-judgment and post-judgment interest; and

7. Award Plaintiffs any and all such other legal and equitable relief as this Court deems just and proper.

**DATED the 7th day of May 2019.**

Respectfully submitted,

   /s Alan J. Leiman
Alan J. Leiman
E-mail: alan@leimanlaw.com
Oregon State Bar No.:  98074
44 W. Broadway, Suite 326
Eugene, OR  97401
Telephone: (541) 345-2376
Facsimile:  (541) 345-2377
Of Attorneys for Plaintiff

[Signatures Continue Next Page]

_____/s Drew G. Johnson_____
Drew G. Johnson
E-mail: drew@leimanlaw.com
Oregon State Bar No.:  114289
44 W. Broadway, Suite 326
Eugene, OR  97401
Telephone: (541) 345-2376
Facsimile:  (541) 345-2377
Of Attorneys for Plaintiff